IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Samuel Lamont Whitner, | C/A. No. 8:16-1392-CMC-JDA |
| Petitioner, | |
| v. | **Opinion and Order** |
| Warden Larry Cartledge, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and memorandum of law on August 15, 2016. ECF Nos. 15, 16. A *Roseboro* Order was mailed to Petitioner on August 16, 2016, advising Petitioner of the importance of a dispositive motion and the need for Petitioner to file an adequate response. ECF No. 17. After two extensions of time to respond, Petitioner filed a response in opposition on December 1, 2016. ECF No. 26. Respondent filed a reply on December 7, 2016. ECF No. 28.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On January 30, 2017, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted. ECF No. 29. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner received two extensions of time to file objections to the Report, but failed to do so within the time period. The court thereafter entered an Order adopting the Report, granting the Government's motion for summary

judgment, and dismissing the matter with prejudice. ECF No. 39. However, Petitioner, now represented by counsel, then filed a motion for leave to file objections noting the deadline for objections was miscalculated and resulted in Petitioner missing the previous deadline. ECF No. 42. The court granted this motion, vacated the Order at ECF No. 39, and allowed Petitioner fourteen (14) days from entry of that Order to file his objections. ECF No. 44. Counsel for Petitioner timely filed objections on May 9, 2017. ECF No. 48. Respondent filed a reply on May 23, 2017. ECF No. 56.

## **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## **Discussion**

Petitioner, through counsel, offers objections to each finding of the Magistrate Judge, arguing grounds one, two, and six are not procedurally defaulted as Petitioner can show cause and actual prejudice; Petitioner should be granted relief on grounds three and four because the PCR

court's decision was unreasonable; and Petitioner can show cause for default of ground five because of ineffective appellate counsel. ECF No. 48. Respondent's reply to objections argues in favor of adopting the Magistrate Judge's Report on all grounds. ECF No. 56.

    *a. Procedural Default*

On grounds one and two, Petitioner argues he was denied due process "under the Fourteenth and Fourth Amendments of the U.S. Constitution when the prosecutor improperly moved for an interlocutory appeal," and under the Fourteenth Amendment when he was "subjected to an unlawful wiretap."[1] ECF No. 48 at 5. The Magistrate Judge found these grounds to be procedurally defaulted as they were not raised in Petitioner's state appeal, and he failed to show sufficient cause to excuse the default. ECF No. 29 at 21. Petitioner argues these denials of his constitutional due process rights resulted in a fundamental miscarriage of justice, and therefore "a federal habeas court may grant Petitioner's writ of habeas corpus even in the absence of a showing of cause for the procedural default." ECF No. 48 at 6.

Grounds one and two were not presented to the state appeals court, and therefore are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

---

[1] While Petitioner claims in his introduction ground six should also be excused from default, he makes no specific argument in the discussion section regarding this ground. Ground six was raised for the first time in this § 2254 petition, and therefore is procedurally defaulted as not presented to a state court.

3

Although there are exceptions to this rule (*i.e.*, for ineffective assistance of trial counsel), none applies to grounds one and two here. While Petitioner argues he establishes a fundamental miscarriage of justice through alleged deprivations of his due process, and therefore need not show cause, a petitioner must show "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner fails to meet this standard of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). As Petitioner cannot make the requisite showing, grounds one and two are procedurally defaulted.[2]

### b. Ineffective assistance of trial counsel

In grounds three and four, Petitioner claims his trial counsel was ineffective in failing to preserve the record regarding the use of the audio recording (ground 3) and failing to move for a mistrial based on the admission of the recorded conversation (ground 4). The Magistrate Judge determined the PCR court applied the correct legal standard reasonably in finding Petitioner's trial

---

[2] In addition to procedural default, grounds one, two, and six cannot be brought in a federal habeas action because they challenge state law errors. *See Estelle v. McGuire*, 502 U.S. 62, 67-78 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) ("It is black letter law that a federal court may grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.").

4

attorney rendered reasonably effective assistance under the *Strickland* standard. ECF No. 29 at 24-28; *see Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner objects, arguing trial counsel was deficient and such deficient performance prejudiced Petitioner, so that he meets the standard for ineffective assistance of counsel. ECF No. 48 at 8-9. Respondent argues Petitioner "failed to show error in the Magistrate Judge's review." ECF No. 56 at 5.

Although Petitioner argues his counsel's performance was deficient under the *Strickland* test, this court is no longer engaged in applying the *Strickland* test, but rather determining whether the PCR court's application of the test was unreasonable. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011) ("Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision was contrary to federal law then clearly established in the holdings of this Court; or that it involved an unreasonable application of such law; or that it was based on an unreasonable determination of the facts in light of the record before the state court."). Therefore, in ineffective assistance of counsel claims, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

The court agrees with the Magistrate Judge regarding the state court's analysis of effectiveness of Petitioner's trial counsel. The PCR court applied the correct legal standard from *Strickland*, and the application was reasonable. The PCR court analyzed the issue in detail, finding trial counsel was not ineffective regarding the audio recordings or mistrial. The facts regarding counsel's representation show he strenuously pursued exclusion of the audio recording. Therefore, the PCR court's decision was not unreasonable and will not be disturbed.

*c. Ineffective assistance of appellate counsel*

Petitioner alleges his PCR counsel erred in failing to file a Rule 59(e) motion with the PCR court when it failed to specifically rule on the issue raised in ground five. Petitioner cites *Martinez v. Ryan*, 566 U.S. 1 (2012) for the proposition ineffective assistance of trial counsel can provide "cause" to excuse procedural default, and argues *Martinez* has been extended in cases of ineffective assistance of appellate counsel. ECF No. 48 at 7 (citing *Han van Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013). However, this argument is foreclosed by the Supreme Court's ruling in *Davila v. Davis*, __ S. Ct. __, 2017 WL 2722418, at *3 (June 26, 2017) ("Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default."). Therefore, ground five is procedurally defaulted.

## Conclusion

After a *de novo* review of the entire record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the Report and Recommendation is adopted and incorporated by reference. Respondent's motion for summary judgment is granted, and Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 5, 2017